**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Charles T. Armbruster, III, Esq.
TOMASETTI LAW, LLC
1100 Coastal Highway, Unit 3
Fenwick Island, DE 19944

Brian J. McLaughlin, Esq.
OFFIT KURMAN
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801

Mark F. Dunkle, Esq.
PARKOWSKI, GUERKE & SWAYZE,
P.A.
116 West Water Street
P.O. Box 598
Dover, DE 19903-0598

RE: *Joseph Balsamo v. Balsamo & Norino Properties, LLC, et al.*,
C.A. No. 2019-0391-SG

Submitted: February 16, 2021
Decided: February 18, 2021

Dear Counsel:

I have Joseph Balsamo's Motion for Leave to Amend the Verified Complaint

(the "Motion") pursuant to Court of Chancery Rule 15(a).[1]  Motions under Rule

15(a) are granted freely in the interests of justice.[2]  However, where an amendment

would be futile, justice does not support an amendment.[3]

---

[1] Dkt. No 65 [hereinafter "the Motion"].
[2] Del. Ct. Ch. R. 15(a).
[3] *Lyons Ins. Agency Inc. v. Wilson*, 2018 WL 481641, at *2 (Del. Ch. Jan. 19, 2018).

Here, the amendment attempts to plead promissory estoppel as an alternative to contract. The elements of promissory estoppel are: (1) a promise; (2) that the promisor expected to induce action or forbearance on the part of the promisee; (3) that the promisee relied on the promise and acted to his detriment; and (4) that equity requires that the promise be enforced.[4] Here, I find the amendment would be futile because the Plaintiff is unable to plead that he took an action to his detriment.

The brief in support of the Motion notes that the Complaint alleges that, "[a]fter submitting the LOI to BNP, Mr. Balsamo provided his Delaware real estate attorney with a $5,000 deposit . . ." for the properties at issue.[5] This is the sole instance of detrimental reliance asserted by Mr. Balsamo. Providing a deposit to one's own agent, however, is not detrimental and cannot form the basis of the requisite detrimental reliance element of promissory estoppel.

Because the proposed amendment would be futile, the motion to amend is DENIED.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc: All counsel of record (by *File & ServeXpress*)

---

[4] *Lord v. Souder*, 748 A.2d 393, 399 (Del. 2000).
[5] The Motion ¶ 21.